State v. Rogers

---

STATE OF NORTH CAROLINA v. MAX V. ROGERS

No. 7127SC469

(Filed 4 August 1971)

Constitutional Law § 32— allowing defendant to examine witnesses

    No prejudicial error or abuse of discretion has been shown by fact that trial court, at defendant's request, allowed defendant, who was represented by appointed counsel, to examine and cross-examine some of the witnesses himself.

APPEAL by defendant from *Thornburg, Judge,* 1 February 1971 Session of Superior Court held in GASTON County.

Defendant was charged in two counts in a bill of indictment, proper in form, with the felony of breaking and entering and the felony of larceny by breaking and entering.

The facts are sufficiently set out in an opinion of this court upon a former appeal by defendant. See *State v. Rogers,* 9 N.C. App. 702, 177 S.E. 2d 301.

Upon this second trial defendant was again found guilty as charged, and again appeals.

*Attorney General Morgan, by Staff Attorney Sauls, for the State.*

*Jeffrey M. Guller, for the defendant.*

BROCK, Judge.

Defendant has been supplied with court-appointed counsel for two trials and two appeals. Counsel was successful in obtaining a new trial for defendant after his first conviction but defendant nevertheless undertook to vilify counsel and undertook to partially represent himself on his second trial. Despite

defendant's conduct counsel has diligently pursued this appeal. Indigent defendants are constitutionally entitled to have counsel to represent them, but this constitutional right in no way gives a defendant the right to insult and degrade counsel merely because he is unable to obtain a verdict of acquittal. Defendant's conduct produces the evidence upon which the jury passes, and he has no one to blame but himself if his conduct constitutes a crime of which he is found guilty.

Defendant assigns as error the admission of certain testimony and certain exhibits in evidence. We have examined these carefully and conclude that no prejudicial error is shown.

Defendant assigns as error certain portions of the judge's charge to the jury. We have carefully reviewed the charge and in our opinion it fairly submits the case to the jury upon appropriate principles of law. Prejudicial error is not shown.

Defendant assigns as error that the trial judge allowed defendant to examine and cross-examine some of the witnesses himself. This was at defendant's request, and so long as defendant conducted himself within customary rules it was discretionary with the trial judge to allow defendant to examine witnesses. No prejudicial error or abuse of discretion has been shown.

Defendant had a fair trial, free from prejudicial error.

No error.

Judges VAUGHN and GRAHAM concur.